IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

FILED
IN OPEN COURT

APR 2 2 2026

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA     )
     )
v.     )     CRIMINAL NO. 4:26cr19
     )
CHRISTOPHER CHARLES COLLINS     )

## STATEMENT OF FACTS

If the United States were to try this case, the evidence that would be proved beyond a reasonable doubt would be:

On October 28, 2025, federal and local law enforcement agents, including the Department of Homeland Security, Homeland Security Investigations (HSI), the Naval Criminal Investigative Service (NCIS) and the Newport News Police Department (NNPD), participated as undercover agents online in a proactive operation targeting individuals who seek to sexually exploit minors online. The agents and officers were located in a home in the City of Newport News.

On October 28, 2025, an undercover agent (hereafter agent) posed as a 14-year-old female on the social media application Chatiw. The agent engaged with an individual named "SinningPastor" who described himself as "39/m/va". The agent said she was "14/f/va2". "SinningPastor" stated to the agent, "got discord". Both the agent and "SinningPastor" moved to Discord, which included instant messaging. "SinningPastor" became username "UmCoolUserName" on Discord. The defendant admits that he was using "SinningPastor" and

1



"UmCoolUserName" on the social media platforms. Once on Discord, the agent sent photos of herself, and the defendant asked to speak to the agent on the phone. They engaged in a short call and resumed communicating on Discord. The defendant told the agent that she was gorgeous and wanted to know if she wanted him to pick her up and take her back to his home and watch TV. The defendant states, "But I have to warn you of something…" to which the agent responds, "Do tell". The defendant responds, "I'm probably going to try to kiss that pretty face at some point ☺ ".

From there, the conversation takes on a sexual nature. The defendant told the agent that he would kiss her, "Until finally my head was between your legs". He also stated, "I want you riding my face, Babygirl" and "Yes, I am serious about you coming and cumming". The conversation ends when the agent and the defendant agree to meet in person. The agent tells the defendant the address of her location. Shortly thereafter, the defendant arrives at the undercover location in the City of Newport News where he was arrested. During a search incident to arrest, two phones were found on his person including an Apple iPhone. He was taken to the Newport News Police Department to be interviewed. He was advised of his *Miranda* rights, waived those rights and agreed to make a statement. The defendant admitted to chatting online with underage girls and "going to meet up with one". He further admitted that he was on probation and in therapy. He stated that it was going well at first, but then he started giving himself permission to do things knowing that he shouldn't. He first got an unauthorized Internet device and began looking at pornography. At some point that wasn't enough and began going to chat rooms and chatting and then he lost control and soon after began looking at child pornography. He specifically stated that his intent with the girl on Discord was to take her back to his place and he was going to perform oral sex on the 14-year-old. He

2



further admitted that he saved the child pornography images that he was sent through people in the chat rooms. During the interview, the defendant consented to a search of his phone, and he cooperated with law enforcement and told them that they would find child pornography. Finally, the defendant told the agents that in addition to getting an unmonitored device, he was lying to his probation officer and that she was unaware of his conduct.

A search warrant was obtained for the Apple iPhone and numerous images of child pornography as defined in Title 18, United States Code, § 2256 (2)(A)(B) and (8) and the United States Sentencing Commission Guidelines were found on the device. The device was manufactured outside the Commonwealth of Virginia. The device contained child pornography and had access to the Internet which is an interconnected network of computers with which one communicates when on-line, and that network crosses state and national borders.

The defendant admits that on October 28, 2025, he knowingly used a facility or means of interstate commerce to persuade, induce, entice, and coerce a child under the age of 18, to engage in a sexual activity, to wit; Use of a Communications Systems to Facilitate Certain Offense Involving Children, in violation of §18.2- 374.3 of the Code of Virginia 1950, as detailed in Count One of the Indictment.

The defendant also admits that he knowingly received an image that depicts child pornography, as detailed in Count Two of the Indictment. Specifically, the defendant admits that on or about August 11, 2025, in the Eastern District of Virginia, he knowingly received material containing an image of child pornography as defined by 18 U.S.C. § 2256(8), to wit: a video entitled "e63d2a50-7707-11f0-865e-b3cffe2423cf.mp4," depicting a minor engaging in sexually



explicit conduct, specifically, actual and simulated anal-genital sexual intercourse between an adult male and a minor female prepubescent child. The defendant admits that the image had been mailed and shipped and transported in interstate and foreign commerce by any means, including by computer. The defendant further admits that the image constitutes "child pornography" as defined in Title 18, United States Code, § 2256 (2)(A)(B) and (8).

The defendant was 39 years old at the time of the offenses.

These events occurred in the Eastern District of Virginia.

Respectfully submitted,

TODD W. BLANCHE
ACTING ATTORNEY GENERAL

By:

Lisa R. McKeel
Assistant United States Attorney
VA Bar No. 28652
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
(757) 591-4000

4



After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, and the United States, I hereby stipulate that the above Statement of Facts is a partial summary of the evidence which is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____    __4/22/26_____
CHRISTOPHER CHARLES COLLINS             Date

I am CHRISTOPHER CHARLES COLLINS's attorney.  I have carefully reviewed the above Statement of Facts with him.  To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____    __4/22/26_____
Ginnie Bare, Esq.                          Date
Assistant Federal Public Defender
Counsel for defendant

5

